UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LORI A. SIMERMAN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )     Case No. 1:22-cv-00027-SLC ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
|     Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Lori A. Simerman brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On September 6, 2022, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 16).

Simerman's attorney, Adriana de la Torre ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $19,203.73, less an offset for $12,375.79 in fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $6,827.94 for Counsel's representation of Simerman in federal court. (ECF 23).[1] The Commissioner filed a response on December 22, 2023 (ECF 26), indicating that he does not oppose Counsel's fee request, but representing that "it is unclear whether an amount sufficient to cover [C]ounsel's requested § 406(b) fees is still being withheld" (*id.* at 3). For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Simerman was also represented by Brenna Spinner of the same law firm as de la Torre. (ECF 14). Therefore, "Counsel" as used herein shall refer to either de la Torre, Spinner, or both.

### *A. Factual and Procedural Background*

On January 11, 2022, Counsel entered into a fee agreement with Simerman for her representation of Simerman in federal court, in which Simerman agreed to pay her 25 percent of any past-due benefits awarded to her and her dependents. (ECF 23-2).[2]

On January 21, 2022, Simerman filed the instant action with this Court, via Counsel, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Simerman's favor and remanded the case to the Commissioner on September 6, 2022. (ECF 16, 17).

On December 5, 2022, Simerman filed a request for attorney fees under the EAJA in the amount of $12,375.79 in attorney fees, $402 for the filing fee, and $21.51 in costs, for a total EAJA fee award of $12,799.30, seeking payment for Counsel's 52.1 hours (plus 1.5 hours of paralegal time) spent advocating for Simerman's claim in federal court. (ECF 18, 18-1 to 18-3, 19). On September 9, 2022, the Commissioner filed a response stating that the Commissioner did not object to Plaintiff's motion for EAJA fees. (ECF 21). The Court subsequently granted Simerman's motion for EAJA fees. (ECF 22).

On November 27, 2023, the Commissioner sent Simerman a notice of award, stating that she was found disabled as of July 4, 2019, and entitled to monthly disability benefits beginning January 2020. (ECF 23-1 at 1-2). The Commissioner also informed Simerman that she was entitled to $76,814.90 in past-due benefits, but that the Commissioner withheld $7,200 to pay Simerman's attorneys. (*Id.* at 2-3).

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

On December 14, 2023, Counsel filed the instant motion pursuant to § 406(b), together with a brief and supporting documents, seeking the Court's approval of an award of $19,203.73, less an offset for $12,375.79 in EAJA fees previously collected,[3] resulting in a net payment of $6,827.94 in attorney fees for Simerman's representation before this Court. (*See* ECF 23, 23-1 to 23-2, 24). The Commissioner filed a response on December 22, 2023, stating that he "neither supports nor opposes counsel's request for attorney's fees," but cautioning he could not guarantee a sufficient amount was withheld from Simerman's past-due benefits to satisfy the requested § 406(b) award. (ECF 26).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 at 794-95; 20 C.F.R. § 404.1725(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable

---

[3] Counsel reports that she received an EAJA award of $12,375.79, but this figure only accounts for the attorney fee she requested, not the $402 filing fee and $21.51 in costs she received. Therefore, Counsel received $12,799.30 in EAJA fees, not $12,375.79.

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

3

fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>     Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $19,203.73 under the fee agreement and § 406(b) is "a

---

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Here, the Commissioner agrees that the requested fee does not exceed 25 percent of Simerman's past-due benefits. (ECF 26).

Counsel contends that the requested fee award of $19,203.73 is reasonable for the 52.1 in attorney hours and 1.5 paralegal hours spent representing Simerman in federal court. (ECF 24 at 1-2; *see* ECF 18-2). It is obvious that Counsel obtained a good result for Simerman, as the Commissioner ultimately found her disabled and awarded her disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). In doing so, Counsel did not request any extensions of time and thus did not contribute to any delay of the case. *See id.* (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social

5

Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Further, Counsel's requested fee of $19,203.73 divided by the 53.6 hours she spent on the case in federal court equates to an effective rate of approximately $358 per hour. This effective rate is well within the range of previous awards approved by this Court. *See, e.g.*, *Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul,* No. 1:17-cv-00090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).

That said, the parties disagree about whether the Commissioner withheld an amount sufficient to disburse the fee requested to Counsel. On one hand, the Commissioner argues that it is unclear whether he has withheld the $19,203.73 requested, given the notice of award's representation that only $7,200 is available for the payment of Simerman's representatives. (ECF 26 at 3). On the other hand, Counsel contends that it is clear the Commissioner withheld an amount sufficient to satisfy the payment of the requested § 406(b) fee because she is seeking a net award of $6,827.94, an amount less than the $7,200 withheld. (ECF 27 ¶¶ 2, 4). She also represents that Simerman's attorney at the administrative level was already paid. (*Id.* ¶ 3).

According to the Commissioner, "the benefits withheld is a single pool, from which the Commissioner may direct pay attorney's fees for both agency representation (§ 406(a) awards) and court representation (§ 406(b) awards)." (ECF 26 at 3-4 (citing *Culbertson*, 139 S. Ct. at 523)). Therefore, because Counsel was already awarded EAJA fees, the sole fee remaining to be disbursed to Counsel under the netting method is the § 406(b) fee. It therefore appears that the

6

Commissioner withheld a sufficient amount to satisfy Counsel's requested fee. *See Conatser v. Kijakazi*, 1:20-cv-2905-TAB-JPH, at *1 (S.D. Ind. Sept. 13, 2023) (approving § 406(b) fee where "Defendant has not identified any reason why it is not possible to remit payment directly to Plaintiff's counsel"). Nevertheless, the Court will adopt the Commissioner's proposed language that the Court authorizes the § 406(b) fees "to be paid out of Plaintiff's past-due benefits *in accordance with agency policy*." (ECF 26 at 3 (emphasis added)).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $19,203.73, less the $12,799.30 in EAJA fees previously received, for a net award of $6,404.43. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)).

### D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 23) is GRANTED in the amount of $19,203.73, less the $12,799.30 in EAJA fees previously received, for a net award of $6,404.43. The Commissioner shall pay Counsel $6,404.43 out of the award of past-due benefits in accordance with agency policy and release any remaining withheld past-due benefits to Simerman.

SO ORDERED.

Entered this 24th day of January 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge